Kerry J. Jacobson
Assistant United States Attorney
District of Wyoming
P. O. Box 449
Lander, WY  82520
(307) 332-8195
Fax: (307) 332-7104

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CR-187-TMK |
| ) | |
| **STANLEY JONES,** ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW the United States, by and through its attorney, Kerry J. Jacobson, Assistant United States Attorney for the District of Wyoming, and files the following in support of its opposition to the Defendant's Motion to Dismiss.

### *Background*

The Defendant was cited with grazing trespass in violation of 43 C.F.R. § 4140.1(b)(1)(i) in VN #L0179568 on June 11, 2011, for an instance occurring that same date.  The Defendant hired an attorney from the office of Georgia Antley Hunt, who entered an appearance on his behalf and requested a continuance of the date for trial, to allow time for plea negotiations. The

parties did negotiate, but at some point the Defendant ended his relationship with Ms. Antley Hunt's office without notifying the Court or the United States. The case had not been re-set for any date certain and languished on the Court's docket.

Thereafter, the Defendant was charged with four additional charges of grazing trespass in violation of 43 C.F.R. 4140.1(b)(1)(i) in an Information dated July 27, 2012, for instances occurring (Count 1) on or about August 27, 2011 through September 5, 2011; (Count 2) on or about January 8, 2012 through January 12, 2012; (Count 3) on or about March 14, 2012 through March 15, 2012; and (Count 4) on or about June 14, 2012.

The Defendant appeared in Lander for his initial appearance and arraignment on September 19, 2012. The Defendant received all the proper advisals pursuant to Rule 58, F.R.Cr.P. In court, the Defendant indicated he was unsure whether he would hire counsel or seek court appointed counsel. The Defendant was instructed that if he wanted court appointed counsel he was to complete and mail the financial affidavit provided to him within five days, by September 26, 2012. Alternatively, if he wanted private counsel, then his attorney was to enter an appearance within two weeks of the initial appearance, by October 3, 2012. The Court would then set the scheduling conference and trial date.

After two weeks had passed, the Defendant had not applied for court appointed counsel nor had an attorney entered an appearance on his behalf. On November 29, 2012, the Court set a bench trial for January 24, 2013.

The Defendant filed his Motion to Dismiss on January 16, 2013. On January 22, 2013, the Court held a telephonic scheduling conference. During the conference, the United States informed the Court that the government opposed the Defendant's motion. The Defendant

requested a continuance based on the need for a material witness who was not available on the date set for trial.  The United States did not object to the motion to continue the trial.  The Court granted the motion to continue and re-set the trial for February 14, 2013 at 9:30 a.m., to be preceded by a hearing on the Defendant's motion to dismiss at 9:00 a.m.  The Defendant indicated a desire to negotiate with the United States without an attorney representing him, and the government indicated it would meet with the Defendant at some point after the telephonic conference since the Defendant had withdrawn any request for counsel on the record.

### *The charging documents are proper*

The Defendant is charged with five petty offenses, and as such, the criminal procedure for the offenses is governed by Rule 58, F.R.Cr.P.  There is no civil or administrative precursor to filing criminal charges.  A petty offense is defined as a criminal violation for which the maximum penalty does not exceed six (6) months.[1]  Petty offenses may be charged by Violation Notice or by Information.  Pursuant to Rule 58, the Defendant must be informed of the following at his initial appearance: (A) the charge, and the minimum and maximum penalties, including imprisonment, fines, any special assessment and restitution; (B) the right to retain counsel; (C) the right to request the appointment of counsel if the defendant is unable to retain counsel –unless the charge is a petty offense for which the appointment of counsel is not required; (D) the

---

[1] The government originally filed a penalty summary indicating the maximum penalty for each offense was not more than 12 months imprisonment.  Grazing trespass violations can be punishable under the Taylor Grazing Act of 1934, 43 C.F.R. § 315 et seq, by up to a $500 fine, or alternatively, for "knowing and willful" violations, punished under the Federal Lands Policy and Management Act "FLPMA" by up to 12 months for each offense.  However, the government hereby waives the right to request jail time in the charged offenses and will seek only fines pursuant to the Taylor Grazing Act.  The government will file a pleading to that effect simultaneously with this response.

defendant's right not to make a statement, and that any statement made may be used against the defendant; (E) the right to trial, judgment, and sentencing before a district judge –unless the charge is a petty offense; and (G) any right to a preliminary hearing under Rule 5.1, and the general circumstances, if any, under which the defendant may secure pretrial release. [2] Additionally, Rule 58 sets forth the procedure for a magistrate judge taking the defendant's plea at arraignment in a petty offense case. The defendant may plead not guilty, guilty, or (with the consent of the magistrate judge) nolo contendere. [2]

### *All aspects of procedural due process have been provided*

In his motion, the Defendant alleges several procedural bars to his prosecution. First, the Defendant alleges his procedural due process rights of notice and opportunity have not been provided. The Defendant further alleges he should have been served with a written notice of ownership by a qualified brand inspector.[3] The Defendant also alleges he was entitled to a "notice to remove", an offer for satisfactory settlement and a remedy offered by administrative decision –as opposed to being subjected to criminal prosecution.[4]

---

[2]F.R.Cr.P. Rule 58(b)(1) and (2)

[2]F.R.Cr.P. Rule 58(b)(3)

[3]There is, of course, no such requirement prior to filing criminal charges. The Defendant's demand for written notice of ownership by a qualified brand inspector is curious since the evidence will show the Defendant has never denied owning the trespassing cows when confronted by the BLM. The government is cognizant of its burden to prove beyond a reasonable doubt that it was the Defendant's cows which were trespassing in each instance and intends to prove the same at trial.

[4]The Defendant cites various administrative provisions he claims support his position, including 43 C.F.R. §§ 4150.2 (Notice and Order to Remove); 4150.3 (Settlement); 4160 (Administrative Remedies); and 4170.1(1)(c) (Penalties).

The Defendant's claims are all without legal basis. Although the Defendant holds out various administrative provisions as prerequisites to criminal prosecution, that is simply not the case. Nothing in the Taylor Grazing Act, or subsequent public lands legislation, limits the authority of federal law enforcement officers generally, or BLM law enforcement officers specifically. The charges against the Defendant have all been properly filed and the Defendant was properly advised of his rights pursuant to Rule 58.

The Defendant's attorney at the time of the initial appearance on Violation Notice L0179568, from the office of Georgia Antley Hunt, entered an appearance on his behalf on August 9, 2011. On August 22, 2011, the Defendant moved to continue the initial appearance on the violation notice, to allow additional time for discovery and plea negotiations. The Court granted the continuance and re-set the initial appearance for October 19, 2011. On October 18, 2011, the Defendant, through his counsel, entered a written plea of not guilty to the Violation Notice. The Defendant informed the Court in his written plea that he had been advised of the minimum and maximum penalties associated with the charge and had been advised of and understood his rights in the matter. The parties continued to negotiate for a time, and then as stated above, the Defendant ended his relationship with his attorney and the case languished.

The July 27, 2012, Information alleged four additional charges of grazing trespass against the Defendant for offenses which had occurred since the filing of the Violation Notice against him. A summons was sent to the Defendant's attorney and that is when the government became aware the Defendant was no longer represented by Ms. Antley Hunt's office. A second summons was served upon the Defendant at his home address.

The September 19, 2012 initial appearance and arraignment was the Defendant's first appearance with regard to the charges in the Information, and the second time he had been advised regarding the charges in the Violation Notice #L0179568.  The Defendant received all the proper advisals pursuant to Rule 58, F.R.Cr.P.  Because jail time was not waived as a possibility at the time of the initial appearance, the Defendant was advised of his right to have court appointed counsel.  The Defendant indicated he was unsure whether he would hire counsel or seek court appointed counsel and provision was made for either eventuality, as mentioned above.  Trial on all pending charges was set before Magistrate Teresa McKee in Lander, Wyoming, for January 24, 2013.

During the January 22, 2013 telephonic scheduling conference, the Defendant indicated he would be representing himself at trial.

The C.F.R. provisions to which the Defendant refers are requirements governing the BLM in its civil remedies.  Although the Defendant may wish the BLM had chosen to pursue money damages administratively, there is no requirement the BLM do so.  The BLM had made repeated efforts to work with the Defendant by warning him his cows were on BLM lands and even assisting him in removing his cows from public lands.  On each of several occasions, the BLM chose to verbally warn the Defendant and did not seek money damages nor cite the Defendant with a criminal violation.  It was only after the failure of these repeated efforts to work with the Defendant that the Defendant was cited with a criminal offense on June 11, 2011.  Then, even with the criminal charges pending, the Defendant's cows were again repeatedly found on BLM lands, resulting in the additional charges filed in the Information on July 27, 2012.  Such a

pattern undoubtedly fed into the BLM's determination that an administrative remedy would be unavailing.

## *Conclusion*

The Defendant has been properly charged with five criminal offenses in a Violation Notice and Information. He has received every aspect of procedural due process. The Defendant's claims have no legal basis and his motion to dismiss should, accordingly, be denied.

DATED this 11th day of February, 2013.

                                                   Respectfully submitted,

                                                   CHRISTOPHER A. CROFTS
                                                   United States Attorney

By:   */s/ Kerry J. Jacobson*
       KERRY J. JACOBSON
       Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 11th, 2013, I served a copy of the foregoing **UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO DISMISS** upon the following by depositing same, postage prepaid, in the United States Mails addressed to:

Mr. Stanley Jones
135 Main Street
Otto, Wyoming 82434

                                                   */s/ Kerry J. Jacobson*
                                                   KERRY J. JACOBSON

                                                  Assistant United States Attorney